USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARITZA ANGELES, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

NESTLÉ USA, INC.,

Defendant.

No. 21-CV-7255 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Maritza Angeles brings this putative class action against Defendant Nestlé USA, Inc., asserting that Defendant's San Pellegrino Essenza Lemon & Lemon Zest sparkling mineral water is labeled in such a way that is misleading to consumers, in violation of New York General Business Law and several other common law and statutory protections. Based on its labeling, Plaintiff alleges that she expected that the sparkling water would contain more lemon ingredients than it actually did. Now before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint. For the reasons that follow, the motion is granted.

**BACKGROUND**[1]

Plaintiff Maritza Angeles initiated suit against Nestlé USA, Inc., which "manufactures, imports, packages, labels, markets, and sells sparkling mineral water with added carbon dioxide"

[1] The following facts are drawn from Plaintiff's first amended complaint and exhibits A and B to the Giali Declaration. When deciding a motion to dismiss, a court may only consider extrinsic documents if they are "incorporated by reference" into the complaint or "the complaint 'relies heavily upon [their] terms and effect,' which renders the document[s] 'integral' to the complaint." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 59–60 (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). The Court finds that the two photos of the product in question attached to the Giali Declaration are clearly integral to the complaint and thus considers them on this motion. *See Booker v. E.T. Browne Drug Co.*, No. 20-CV-3166 (PMH), 2021 WL 4340489, at *2–3 (S.D.N.Y. Sept. 23, 2021) (considering "complete copies of the Products' labels" on a motion to dismiss "because the information provided therein is integral to [the complaint]").

under the San Pellegrino brand called "*S. Pellegrino Essenza* – Lemon & Lemon Zest" (the "Product"). Compl. ¶ 1. Plaintiff alleges that she bought the Product because "she expected it would contain more lemon ingredients than it did, instead of a natural flavor that simulated lemon taste." *Id.* ¶ 77–78. In particular, she claims that she was deceived into thinking that there was more real lemon in the Product than there actually is because "Defendant's packaging and labeling misleads consumers as to the relative amount and quantity of lemon ingredients." *Id.* ¶ 11.

As depicted in the photographs of the front and back of the Product below, its labeling includes the following: "S. PELLEGRINO ESSENZA," "SAN PELLEGRINO TERME – 1899," "LEMON & LEMON ZEST," "FLAVORED MINERAL WATER WITH NATURAL CO2 ADDED," as well as "drawings of fresh full and cut lemons, lemon peels and leaves from the lemon plant, in a bottle covered in yellow cellophane." *Id.* ¶ 12. The back label on the Product, moreover, says that it "CONTAINS NO JUICE" and includes the Nutrition Facts panel, which states that it only contains "CARBONATED MINERAL WATER" and "NATURAL FLAVORS." Giali Decl. Exs. A & B.







*Id.*

Based on this labeling and packaging, Plaintiff alleges that "[c]onsumers will expect the Product's lemon taste is provided by lemon ingredients and have an appreciable amount of lemon"—"an amount sufficient so that all the lemon taste comes from lemons." *Id.* ¶¶ 14–15. Specifically, she asserts that the "packaging and labeling are misleading because they give consumers the impression it contains a greater amount of lemon ingredients than it does." *Id.* ¶ 17.

"Defendant's clear bottle is wrapped in yellow cellophane, which," according to Plaintiff, "tricks the consumer so that the contents of the Product appear yellow, as it would be if it had an appreciable amount of lemon ingredients." *Id.* ¶ 30. Plaintiff claims that when she saw the yellow

bottle, it made her think that the contents were yellow and that the product therefore contained a greater amount of lemon ingredients. *Id.* ¶ 80.

"Despite the yellow-tinged bottle and the promises of 'Lemon & Lemon Zest,'" however, "the Product lacks an appreciable amount of lemon ingredients." *Id.* ¶ 31. In reality, "[t]he Product does not contain any appreciable amount of lemon ingredients, as revealed by the ingredient list, which lists 'CARBONATED MINERAL WATER, NATURAL FLAVORS.'" *Id.* ¶ 39. "The Product's 'Natural Flavors' . . . consist[] of flavor compounds from some lemon, which imitates the taste provided by lemons." *Id.* ¶ 41. According to Plaintiff, using these compounds is less expensive than using real lemons, and also more concentrated, so less lemon needs to be used. *Id.* ¶ 42. The Product thus "lacks an authentic lemon taste because though it may contain some lemon compounds, it lacks enough, if any, of the complementary flavor compounds in real lemons." *Id.* ¶ 51.

Although the front label states that it is Flavored Mineral Water, Plaintiff alleges that "[t]his statement is inconspicuous and in a color which blends into the yellow cellophane wrapper." *Id.* ¶ 33. Even if consumers read this disclosure, she insists, "they would not know this meant the Product did not contain an appreciable amount of lemon ingredients." *Id.* ¶ 34. Rather, "[b]y using the word 'Flavored' preceding 'Mineral Water,' consumers will only know the Product has a lemon taste." *Id.* ¶ 36. Additionally, "[g]iven that the Product is sold under the esteemed *San Pellegrino* brand, and imported from Italy, Plaintiff had no reason to expect the Product lacked the relative amount and type of lemon ingredients." *Id.* ¶ 54.

Plaintiff asserts that the value of the Product was "materially less" than that represented. *Id* ¶ 56. Had Plaintiff known that the Product did not have an appreciable amount of lemon

ingredient, she claims, she would not have bought the Product or would have paid less for it. *Id.* ¶ 58.

Plaintiff brings claims against Nestlé for (1) violations of Sections 349 and 350 of the New York General Business Law ("GBL"), which prohibit deceptive business practices and false advertising, (2) violations of the consumer fraud acts of Iowa and Arkansas on behalf of a purported multi-state class, (3) negligent misrepresentation, (4) breaches of express warranty, the implied warranty of merchantability, and the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, (4) fraud, and (5) unjust enrichment. Plaintiff seeks both monetary damages and injunctive relief that would require Defendant to correct its allegedly misleading labeling. Now before the Court is Defendant's motion to dismiss Plaintiff's amended complaint. The motion is granted.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether [her] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). In answering this question, the Court must

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

"accept[] all factual allegations as true, but giv[e] no effect to legal conclusions couched as factual allegations." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

## DISCUSSION

### I. The New York General Business Law Claims Fail Because the Complaint Does Not Plausibly Allege that the Product's Label Is Misleading

Plaintiffs' first cause of action arises under Sections 349 and 350 of the New York General Business Law. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," whereas Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce." GBL §§ 349–50. To successfully assert a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 944 N.Y.S.2d 452, 452 (N.Y. 2012)). The allegedly deceptive acts or representations must be misleading to "a reasonable consumer." *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 324 (N.Y. 2002). Although the question of whether a business practice or advertisement is misleading to the reasonable consumer is generally a question of fact, *see Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*, 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015), it is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

Plaintiff argues that the Product is misleading because the bottle's "packaging and labeling . . . give consumers the impression it contains a greater amount of lemon ingredients than it does." Compl. ¶ 17. The Court disagrees, and finds that she has failed to plausibly allege that a reasonable

consumer would conclude from the Product's label and packaging that it contained an appreciable amount of real lemon ingredients, such that it would be misleading.

Plaintiff alleges that because the bottle includes the words "Lemon & Lemon Zest," drawings of "full and cut lemons, lemon peels and leaves from the lemon plant," and is "in a bottle covered in yellow cellophane," *id.* ¶ 12, a reasonable consumer would come to the conclusion that it contains more than a de minimus amount of lemon. While "courts in this Circuit have sustained claims where the language of a product label, in context, referred not only to a flavor but also indicated the presence of an ingredient," *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 678 (S.D.N.Y. 2021), they have regularly dismissed cases where a product's label makes no "claims about the ingredients constituting the flavor." *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104 (RA), 2021 WL 168541, at *4 (S.D.N.Y. Jan. 19, 2021); *see also, e.g.*, *Oldrey v. Nestlé Waters N. Am., Inc.*, No. 21 Civ. 3885 (NSR), 2022 WL 2971991, at *3, (S.D.N.Y. July 27, 2022) ("[W]hen assessing the Product's packaging as a whole, the label's use of the phrase "With a Twist of Raspberry Lime" merely represents that the Product is raspberry and lime flavored."); *Parham v. ALDI, Inc.*, No. 19 Civ. 8975 (PGG)(SDA), 2021 WL 709632, at *3 (S.D.N.Y. Feb. 15, 2021) ("A reasonable consumer would understand that the word 'vanilla' on the front of the carton describes how the Product tastes, not what it contains, especially in circumstances where the ingredients listed . . . do not mention vanilla at all.").

Here too, the label's use of the phrase "Lemon & Lemon Zest" merely represents that the Product is lemon flavored. The Product does not use language such as "made with lemon," "made with lemon zest," or any other similar message that would convey to a reasonable consumer that the Product includes those ingredients. *See Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp.

3d 370, 383 n.4 (S.D.N.Y. 2021) ("The absence or presence of the words 'made with' can make a substantial difference where the relevant term is both an ingredient and a flavor.").

The label itself confirms this—indeed, it explicitly states that the Product "CONTAINS NO JUICE" but rather is "FLAVORED MINERAL WATER." Plaintiff argues that the yellow cellophane on the bottle suggests that the contents contain lemon, but as Defendant rightly notes, the yellow tinting fades to clear toward the top of the bottle, so consumers can see that the beverage inside is clear rather than yellow. Additionally, the ingredient list contains only "CARBONATED MINERAL WATER" and "NATURAL FLAVORS." A quick look to these Nutrition Facts would thus dispel any suggestion that the Product contained "an appreciable amount" of lemon. Compl. ¶ 14; *Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020) ("Those interested in the actual ingredients can read the list.").

Plaintiff relies on the Second Circuit's decision in *Mantikas v. Kellogg* for the proposition that "reasonable consumers should not be expected to consult the Nutrition Facts panel [or ingredient list] on the side of the box to correct misleading information set forth in large bold type on the front." 910 F.3d 633, 637 (2d Cir. 2018). But as this Court discussed in *Wynn*, the misleading labeling of the product in *Mantikas* read "made with whole grain" while the Nutrition Facts panel revealed that the product actually contained more white flour than whole wheat flour. As described above, the Product here contains no language—as contrasted with the "large bold type" in *Mantikas*—suggesting that it is "made with" lemons. And unlike in *Mantikas*, the Nutrition Facts are consistent with the representations elsewhere on the packaging—namely, that this is a lemon-flavored mineral water. Accordingly, the Court finds that Plaintiff has failed to state a claim that the Product's labeling and packaging is misleading.

## II. Plaintiff's Other Claims Also Fail as a Matter of Law

Plaintiff further asserts claims for negligent misrepresentation, breach of express warranty, breach of implied warranty of merchantability, breach of the Magnuson-Moss Warranty Act, fraud, and unjust enrichment. These claims, which largely hinge on the same theory of misleading business practices rejected by the Court above, all fail as a matter of law. *See Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021) (dismissing claims for negligent misrepresentation, fraud, breach of warranty and unjust enrichment on the basis that the court had "already determined that [plaintiff] has failed to allege that the product's labeling would be likely to deceive or mislead a reasonable consumer").

To state a claim for negligent misrepresentation under New York law, a plaintiff must plead "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (N.Y. 2011). As discussed above, the Court finds that Plaintiff has not plausibly alleged that Defendant's product label imparted incorrect information. This claim fails for the additional reason that Plaintiff has not plausibly alleged the existence of a special relationship or a privity-like relationship. *See Sarr v. BEF Foods, Inc.*, No. 18-cv-6409 (ARR) (RLM), 2020 WL 729883, at *6–7 (E.D.N.Y. Feb. 13, 2020) (finding no special relationship where the alleged misrepresentations were on a food product's label, and finding no privity absent a direct buyer seller relationship between the parties); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 584 (2d Cir. 2005) ("no duty of care arises" for purposes of a negligent misrepresentation claim when the alleged misrepresentation is "directed at a faceless or unresolved class of persons"). The negligent representation claim thus fails.

Plaintiff's claim for breach of express warranty fails for similar reasons. To state a claim for an express breach of warranty under New York law, the plaintiff must plead "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014). Because Plaintiff has failed to plausibly allege that the Product does not comport with the statements contained on the label, this claim fails. Even assuming that the statements on the label amounted to a warranty of sorts, Plaintiff has not plausibly alleged a breach of that warranty. Plaintiff's claim for breach of implied warranty fails for the additional reason that there is no allegation that the lemon-flavored sparkling water was unfit for human consumption. *See Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 (JG), 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015) (dismissing implied warranty claim because "[w]here the sale of a food or beverage is concerned, courts have ruled that the product need only be fit for human consumption to be of merchantable quality"). Additionally, "[t]o state a claim under the [Magnuson Moss Warranty Act], plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law." *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2012). Plaintiff's claim under the MMWA thus fails because she has not stated a claim for breach of an express or implied warranty.

Plaintiff's claim of fraud under New York law also fails. Under New York law, the elements of a fraud claim are: (1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff. *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). Putting aside the question as to whether Plaintiff has alleged fraud

with the requisite level of specificity under Rule 9(b) of the Federal Rules of Civil Procedure, the Court finds that she has failed to allege a material misrepresentation of fact or omission since, as discussed above, a reasonable consumer would not conclude that the Product's labeling communicates that it contains an "appreciable amount" of lemon.

Next, Plaintiff's unjust enrichment claim similarly fails because, as discussed above, Plaintiff has not plausibly alleged any misleading or incorrect statements by the Defendant thus making the enrichment unjust. *See Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 706 (2d Cir. 2020) (summary order) (affirming dismissal of unjust enrichment claim when the court had rejected plaintiff's underlying theory for why the enrichment was "unjust"); *see also Harris v. Mondelez Glob. LLC*, No. 19-CV-2249 (ERK) (RER), 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020).[3]

**III. Leave to Amend**

Rule 15(a)(2) states that "the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). While this is a "permissive standard," *see Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015), it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). Where "the proposed amendment would be futile," courts within this district will deny leave to amend. *See Brown v. Kellogg Sales Co.*, No. 20-CV-7283 (ALC), 2022 WL 992627, at *6 (S.D.N.Y. Mar. 31, 2022); *Agerbink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). In light of the Product's packaging,

[3] Because the Court finds that all of Plaintiff's claims fail as a matter of law, it need not address Defendant's arguments that the claims are explicitly and implicitly preempted. It does note, however, that Plaintiff lacks standing to seek injunctive relief in this case. In *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020), the Second Circuit made clear that "past purchasers of a product" are unlikely to suffer future imminent injury "once they become aware that they have been deceived." Now that Plaintiff is aware of the alleged deception, she does not have standing to seek injunctive relief.

ingredients list, and reasoning set forth herein, any amendment would be futile. Accordingly, Plaintiff's request for leave to amend is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motion pending at docket 14 and close this case.

SO ORDERED.

Dated: September 30, 2022
New York, New York

Ronnie Abrams
United States District Judge